FILED
2020 Jun-02  AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MELISSA FENDLEY,

     Plaintiff,

                              CASE NO:

vs.

CITY OF CULLMAN,
a municipal corporation,

     Defendant.

_____/

## COMPLAINT

Plaintiff, MELISSA FENDLEY, ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues the City of CULLMAN, Alabama for injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973 and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. " 12131-12134, and its implementing regulation, 28 C.F.R. Part 35, as well as ' 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. '701 *et seq*. ("the Rehabilitation Act").  This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2.      Venue is proper in this Court, the Southern Division of the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.      Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of Warrior, Alabama and is a qualified individual with a disability under the ADA, and cares for her minor grandchildren during the day while her daughter works.  FENDLEY suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility.  Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter with her grandchildren, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA and more specifically, the barriers to access listed in Paragraph 22, below, that she personally encountered.  FENDLEY continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, The City of CULLMAN (hereinafter referred to as "Defendant") is a municipal corporation conducting business in the State of Alabama.  Upon information and belief, Defendant is the operator, owner and/or

lessee of the programs, services and activities offered by CULLMAN as well as the facilities, real properties and improvements which are the subjects of this action, namely: the Heritage Park Complex, Depot Park, Ingle Park, Stiefelmeyer Park, East Side/Lions Club Park, Cullman Gymnastics and Cheer Academy, Nesmith Park,  Cullman City Hall, and Downtown Public Parking located in Cullman, Alabama (hereinafter referred to as the "public services" or "subject facilities").

5.      All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6.      Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-5 as if expressly contained herein.

7.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

8.      In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9.      "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

10.     Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

11.     Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

12.     The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA.  In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 36 CFR Part 1191, Appendices B and D)[1] applies to the Defendant's facilities at issue in this matter, regardless of whether they are of new or old construction, since removal of these barriers described herein are readily

_____

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A can provide safe harbor to the Defendant with regard to the new ADAAG in effect as of March 15, 2012.  However, with respect to the specific barriers to access alleged in Paragraph 22, herein below, Plaintiff asserts the Defendant has not complied with either the old 1991 ADAAG or the new version cited herein and the failure to do so has rendered many programs, services and activities offered by Defendant at the subject public facilities (perhaps all of them) inaccessible to wheelchair users such as Plaintiff.

achievable and not unduly burdensome within the meaning of the ADA. 42 U.S.C. §§ 12134(c) and 12204.

13.     Defendant was required to have completed structural changes in the subject facilities over twenty-five years ago, and, in any event, no later than January 26, 1995. Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to the public services and subject facilities.

14.     Defendant has known for over twenty-five years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes. Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

15.     Defendant's failure to have fully implemented all structural modifications at the subject facilities has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facilities.

16.     Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this

Complaint.  Defendant's discrimination against Plaintiff solely on the basis of her disability has been, and continues to be, arbitrary, knowing and intentional.

17.     Under Title II of the ADA, the programs, services and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150.  It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden.  Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3).  Defendant cannot meet this burden.

18.     Plaintiff was subjected to discrimination when she attempted to access the subject facilities and avail herself to the programs and services offered at and by Defendant in December of 2019.  Plaintiff continues to desire to return and therefore will continue to suffer discrimination by Defendant in the future as the violations and lack of equal and safe access to the programs, services and activities at the subject facilities continues to exist.

19.     Defendant has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public

entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

20.    Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

21.    Plaintiff has been subjected to discrimination and has suffered an injury in fact due to the lack of wheelchair access to the subject public services and facilities.

22.    Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff due to the following violations, *inter alia*:

**Heritage Park Complex**

i.    A number of accessible parking spaces that are signed as van accessible are not van accessible and lack sufficient width for a wheelchair user with a lift or ramp equipped vehicle.

ii.    The paint that designates accessible parking spaces is faded and difficult to see allowing other vehicles to block a wheelchair user from her vehicle.

iii.   None of the tables in the front entry pavilion have wheelchair accessible knee clearance.

iv.   The two small gazebos near the front entry pavilion have tables with no wheelchair accessible knee clearance due to the built in benches.

v.   The baseball grandstands in all of fields have no wheelchair accessible seating.

vi.   There is no wheelchair accessible route to the volleyball area.

vii.   There is no wheelchair accessible route to the picnic tables in the dog park.

viii.   The drinking fountain at the restrooms building has a spout that is positioned too close to the edge of the fountain and too close to the mounting wall to be accessible.

ix.   The Men's and Women's restrooms have no accessible signage.

x.   Women's Restroom: The accessible toilet compartment does not allow for a side transfer. There is no rear grab bar in the accessible toilet compartment and the toilet seat is too high. The hot water and drain pipes at the lavatory are not insulated. The paper towel dispenser is out of reach.

**Depot Park**

  i.    None of the picnic tables are located on a wheelchair accessible route.

  ii.    None of the picnic tables have wheelchair accessible knee clearances.

**Ingle Park**

  i.    None of the parking spaces containing some indicia of accessibility have raised accessible signage and some lack an adjacent access aisle necessary for a wheelchair user.

  ii.    None of the picnic tables have wheelchair accessible knee clearances.

**Stiefelmeyer Park**

  i.    There is no wheelchair accessible route from the on-street parking to the picnic tables.

  ii.    There is no wheelchair accessible route to the children's play areas.

**East Side Park/ Lions Club Park**

  i.    There is no accessible on-street parking contiguous to the park entry on either street.

  ii.    There are no wheelchair accessible routes to any of the picnic tables.

  iii.    None of the picnic tables have accessible knee clearances for a wheelchair user.

  iv.    There is no wheelchair accessible route to any of the children's play equipment.

**Cullman Gymnastics and Cheer Academy**

i.    There are an insufficient number of accessible parking spaces in the parking areas in front and on the right side of the building.

ii.   The single van accessible parking space located at the building entry has no raised accessible signage.

**Nesmith Park**

i.    There are no accessible or van accessible parking spaces in either of the two parking areas.

ii.   Upon information and belief, the swimming pool has no lift or other accessible means of entry.

iii.  Upon information and belief, the public toilet rooms lack accessible fixtures, dispensers and features as well as wheelchair maneuvering clearances.

**Cullman City Hall**

i.    Women's Restroom: There is insufficient clear floor space for a wheelchair user to enter and exit the restroom. The lavatories have knob type faucet controls and the hot water and drain pipes are not insulated. The mirrors are mounted too high for a wheelchair user.

**City of Cullman-Public Parking**

i.    There are an insufficient number of on-street accessible parking spaces in downtown  Cullman.

ii.   The on-street accessible parking space located at the corner of 3rd Avenue and 4th Street has no access aisle for wheelchair users and the signage is mounted too low to be visible over parked cars.

iii. The van accessible parking space in front of "If the Shoe Fits" has signage that is mounted too low and cannot be seen over a parked vehicle.

iv. Parking Deck – 305 3rd Ave SW: The two accessible parking spaces on the lower level do not have access aisles for a wheelchair user and also lack raised accessible signage. The two accessible parking spaces on the upper level also do not have access aisles for a wheelchair user and lack raised accessible signage.

v. There are no accessible parking spaces in the parking area surrounding the Festhale Farmer's Market.

23. There are other current barriers to access and violations of the ADA at the subject facilities which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations and barriers to access be identified.

24. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by,

individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.    That the Court declare that the programs, services and facilities owned, operated and administered by Defendant, are violative of the ADA;

B.    That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

26.    Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 5 of this Complaint.

27.    As more fully described above, Plaintiff is an individual with a disability.

28.     Furthermore, the Plaintiff is an Alabama resident who does or would like to frequent the subject facilities that are currently inaccessible as described above and herein and is otherwise qualified to use and enjoy the programs, services and benefits provided by Defendant in the City of CULLMAN.

29.     Defendant's acts and omissions that result in unequal access to the programs, services, facilities and activities provided by Defendant as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.*  Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504 and is unlawfully and intentionally discriminating against Plaintiff on the sole basis of the disabilities of Plaintiff.  Upon information and belief, the public programs, services and activities at issue in this cause at the subject facilities have benefited from federal financial assistance.

30.     Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the programs, services and activities offered by Defendant.

31.     Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and is discriminating against the Plaintiff due to the

violations detailed in paragraph 22 above, which are incorporated herein by reference.

32.    Upon information and belief, there are other current violations of the Rehabilitation Act in CULLMAN and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A    That this Court accept jurisdiction of this case and declare that the programs, services and facilities owned, operated and administered by Defendant are discriminatory and are violative of the Rehabilitation Act;

B.    That the Court enter an order requiring Defendant to alter its programs, services and facilities to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

C.    That the Court enter an order directing Defendant to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.    That the Court enter an order mandating that Defendant undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities; a review of all policies and practices that govern the administration of such programs, services and facilities; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E.    That the Court enter an order mandating Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all

architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facilities;

F.     Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

G.     Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this 1st day of June, 2020

Respectfully submitted,


By:   s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E


**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email:        edwardzwilling@zwillinglaw.com